In the Matter of the Petition of LENNOX C. BRENNAN and HENRY LOGAN to Render and Settle Their Account as Administrators, etc., of ROSE MCARDLE, Deceased. LENNOX C. BRENNAN and HENRY LOGAN, as Administrators, etc., and BERNARD C. SCHAUMBURG, Respondents; JAMES A. SCHAUMBURG, Appellant. — Decree of the Surrogate's Court of Kings county unanimously affirmed, without costs. No opinion. Present — Lazansky, P. J., Young, Kapper, Hagarty and Tompkins, JJ.

In the Matter of the Application of WESTCHESTER ASPHALT DISTRIBUTING CORPORATION, Appellant, for a Peremptory Order of Mandamus Directed to JOSEPH TECLAW as Building Inspector of the Town of North Castle. HENRY C. WYAND, Respondent. (Appeal No. 2.)—Order granting motion for substitution of respondent affirmed, with ten dollars costs and disbursements. No opinion. Lazansky, P. J., Carswell, Scudder, Tompkins and Davis, JJ., concur.

EDWARD V. KILLEEN, Appellant, v. U. S. LINES OPERATIONS, INC., Respondent. —The decision of this court handed down on November 20, 1931, is hereby amended to read as follows: Order of Appellate Term affirming a judgment and order of the Municipal Court, and order of the Municipal Court and judgment entered thereon, dismissing the complaint for insufficiency, reversed upon the law and the facts, with costs to appellant to abide the event, and motion to dismiss complaint denied, with leave to defendant to answer within ten days from the entry of the order herein. The plaintiff was entitled under his complaint to prove that he had been deprived of access to deck C. He was also entitled to prove that during the night unusual noises occurred outside and in front of the staterooms occupied by him, and that although complaint thereof was made by him, no effort to remedy the condition was made by those in charge. This view does not imply any distinction between those to whom the use of deck C is alleged to have been given and those persons characterized as first class passengers. The point involved is plaintiff's deprivation of the use of the deck for himself and his family and the discomfort and inconvenience to which he was subjected by reason of the preventable noises. (Campbell v. Pullman Company, 182 App. Div. 931.) Young, Kapper and Scudder, JJ., concur; Lazansky, P. J., concurs upon the second ground stated; Hagarty, J., dissents and votes to affirm.